Title Guarantee and Trust Company, Appellant, *v.* Mortgage Commission of the State of New York, Respondent.

(Argued May 25, 1936; decided July 8, 1936.)

*Timothy N. Pfeiffer, Sinclair Hamilton, Wilber Stammler* and *Joseph V. McKee* for appellant.

*Maurice Finkelstein, Frieda B. Hennock, John J. Clarke* and *Benjamin Rabin* for respondent.

*Jess H. Rosenberg, Irving H. Jurow* and *Walter B. Herendeen* for Louis H. Pink, Superintendent of Insurance of the State of New York, as rehabilitator of Lawyers Mortgage Company, *amicus curiæ.*

*Per Curiam.* The Title Guarantee and Trust Company and the Mortgage Commission of the State of New York submitted the following controversy to the Appellate Division in the first judicial department, pursuant to sections 546–548 of the Civil Practice Act.

The plaintiff, the Title Company, issued and sold certificates representing undivided shares in first mortgages, of which mortgages it was the sole owner. Each of the mortgages was guaranteed by the Bond and Mortgage Company (now in rehabilitation) under a blanket policy of guaranty, which guaranteed payments of principal and interest to the Title Company and all subsequent owners of the mortgages and mortgage certificates. The Mortgage Commission has taken over from the Bond and Mortgage Company the servicing of these mortgages and is collecting interest payments thereon.

The Title Company in a number of instances did not sell sufficient certificates to cover the entire mortgage. It also has regained a number of certificates which it sold. The Mortgage Commission has collected interest on these mortgages but the sum collected is insufficient to pay the certificate holders other than the Title Company. It has refused to pay the Title Company on its certificates pending a judicial determination of the rights of the parties. The question submitted in reference to specific certificates and mortgages, in substance, is whether the Title Company may come in on a parity

with other certificate holders and obtain its ratable share of the interest or are its rights subordinate to those of other certificate holders and must it wait until all of them are paid in full.

The Appellate Division dismissed the submission on the grounds that it fails to disclose what connection, if any, exists between the plaintiff and the guarantor company and that all the certificate holders should have been given notice of the submission and afforded an opportunity of agreeing upon the submitted controversy.

The submission should not have been dismissed. It is true that a submitted controversy may be dismissed by the Appellate Division if, despite the affidavit alleging a *bona fide* dispute, collusion is found or there is lacking any fact necessary to enable the court to render judgment. The submission must present a *bona fide* justiciable controversy complete in itself. When a complete justiciable controversy is presented, however, if there resided power in the Appellate Division to refuse to decide such submission for the reason that the court desired that other facts, not present and not clearly defined, should be included, thus presenting a different issue for decision than that desired by the parties, the rights of the parties to a submitted controversy would be seriously curtailed. We, therefore, hold that where the facts as here submitted present a justiciable controversy and are sufficient to enable judgment to be given, with no question present that the issue between the parties is not *bona fide* or collusive, the court may not decline to hear and decide the controversy submitted upon the ground that there may be other and additional facts which if included might change the decision upon the issue as presented. The submission is adequate if it enables the court to draw conclusions of law determinative of the matter without the necessity of drawing inferences of fact. (See *Marx* v. *Brogan*, 188 N. Y. 431; *New York Tel. Co.* v. *Siegel-Cooper Co.*, 202 N. Y. 502, 506.)

The parties in the case at bar having submitted a justiciable controversy, complete in itself and supported by affidavits showing a *bona fide* dispute, and there arising no claim of collusion, the judgment appealed from should be reversed and the submitted controversy remitted to the Appellate Division for decision, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment reversed, etc.