1165 FIFTH AVENUE CORPORATION, Plaintiff, *v.* GEORGE W. ALGER, and FREDERICK H. ROHLFS, as Trustee under Deed of Trust Made by GEORGE W. ALGER, for the Benefit of CHRISTOPHER A. ROLLER, and Dated September 18, 1940, Defendants.

First Department, April 10, 1941.

*George J. Kraft* of counsel [*Dean, King, Smith & Taylor,* attorneys], for the plaintiff.

*Lewis F. X. Cotignola* of counsel [*Alger, Peck, Andrew & Rohlfs,* attorneys], for the defendants.

DORE, J. On this submission of controversy pursuant to sections 546 to 548 of the Civil Practice Act, we are asked to determine whether defendant Alger, tenant of a co-operative apartment owned by plaintiff, has the right to assign his lease and his stock in plaintiff corporation to a trustee for his grandchild and so avoid any further personal liability under the lease, when the trust estate has no assets other than the lease itself and the tenant's shares of plaintiff's stock.

Plaintiff is owner of 1165 Fifth Avenue, New York, N. Y., an apartment house containing fifty apartments conducted on a co-operative plan under leases prepared by plaintiff. Defendant Alger is a lessee who on April 6, 1928, signed a subscription agreement under the co-operative plan of organization and obtained a proprietary lease by subscribing for 238 shares of plaintiff's stock and paying therefor $26,180. The rental payable under his

proprietary lease was one dollar per annum plus the lessee's proportionate share of the sums necessary to pay taxes, interest, current obligations and expenses. Each tenant under the terms of his subscription agreement read and approved the plan of organization and agreed with the other subscribers to purchase a given number of shares and to take a proprietary lease of a specified apartment in the co-operative for a term of ninety-nine years. The certificates of stock were subject to all the terms of the co-operative plan. The lease could not be assigned except to an owner of the 238 shares of stock.

Under the terms of the lease, so far as relevant, the lessee was not permitted to sublet or assign without the written consent of the lessor, except that the lease could be assigned " to a person standing in the relationship of wife, widow, husband, widower, brother, sister, child, grandchild, or parent of the Lessee, or to a Trustee for the benefit of any such person, but not in any case except to an owner of the said shares of the capital stock of the Lessor issued to the Lessee in connection with the allotment of the apartment." Under this clause defendant Alger claims the absolute right to assign his lease and his stock to a trustee of his grandchild, one of the excepted class. But such assignments were not effective unless the assignee delivered to the lessor a written instrument, " assuming all the unfulfilled obligations of the assignor, if any, hereunder, and assuming all of the covenants and obligations hereof as though the assignee were the Lessee named herein and had executed this lease."

It was also provided that the lessor could withhold its consent to any assignment or subletting until all sums due and payable by the lessee had been fully paid, but that whenever the holder of a lease was entitled to assign it and had assigned it, and the assignee had delivered to the lessor a written instrument assuming all of the unfulfilled obligations of the assignor, " such assignor shall have no further liability on any of the covenants hereof." The by-laws had similar provisions and also provided that shares could be transferred to any person on written consent of two-thirds of the outstanding capital stock or two-thirds of the entire board of directors.

Defendant Alger, one of the original purchasers of stock and one of the original tenants of the co-operative, paid all sums payable by him up to September 18, 1940. On that date Alger assigned his proprietary lease and appurtenant stock to defendant Rohlfs as trustee by an indenture of trust dated that day, under the terms of which the trustee is to hold the principal of the trust (consisting solely of Alger's assigned lease and his 238 shares) and pay the

net income therefrom to the settlor's grandson Christopher A. Roller until he becomes twenty-five years of age when the grandson receives the corpus and accrued income of the trust; but if he dies before twenty-five, the principal is given to the settlor's granddaughter Cynthia A. Roller, or if she predeceases the grandson, to the settlor's daughter Esther A. Roller. The settlor reserved the right to add to the trust which is irrevocable, and the trustee is authorized to assume the settlor's unfulfilled obligations under the lease. The trustee, " as trustee, but not individually," assumed in writing such unfulfilled obligations and all the covenants thereof, tendered plaintiff the original certificate of stock duly indorsed and stamped, and demanded a certificate issued to him as trustee. Plaintiff refused to make transfer or recognize the assignment. Thereafter the parties submitted their controversy to this court on the agreed facts.

Plaintiff contends that the trust is not one contemplated by the lease as it has no assets other than the stock and the lease itself, and by its terms the corpus is assigned to a grandchild of Alger or his daughter without any obligation of assumption on their part; that under the facts disclosed, no such assignment is valid without two-thirds consent of all the directors or stockholders; and that, therefore, the assignment is void, and Alger is still a tenant obligated to pay the rent and maintenance charges.

Defendant Alger contends that the lease by its express terms permits the precise assignment in question without consent of the stockholders, that is, to the lessee's grandchild as a member of the specifically excepted class " or to a Trustee for the benefit of any such person; " that defendant Rohlfs is such trustee; and that accordingly defendant Alger is discharged from any liability under the lease and Rohlfs is entitled to the transfer of the stock to him as trustee.

Under the agreed facts and the rules of law properly applicable thereto, we think there is no merit to defendants' contentions and that judgment should be directed for plaintiff. The fundamental rule in the interpretation of contracts is the ascertainment of the intent of the parties as expressed. The court in ascertaining that intent should have regard to the surrounding circumstances and to the obvious purpose the parties to the contract sought to accomplish. (*Manson* v. *Curtis*, 223 N. Y. 313, 320.) The rule was thus expressed in *Manson* v. *Curtis* (*supra*): " We must look to the agreement as a whole, to the matters with which it deals, to the circumstances under which it was made and thereby determine the true intent and purpose of the parties, and if such intent and purpose is reasonably within the scope of the language used

it must be taken to be a part of the agreement the same as if it were plainly expressed." Particular words should not be considered isolated from their context, but in the light of the obligation as a whole and the intention of the parties manifested thereby. (*Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519, 524.) To determine the reciprocal rights and obligations of the parties, we must read the clauses on which defendants rely with the whole plan of organization, the subscription agreement, and the proprietary lease — all in the light of the relation of the parties, the circumstances under which the contract was executed, and above all the apparent purpose the contracting parties sought to achieve.

Interpreting the purpose of a similar lease in *Penthouse Properties, Inc.,* v. *1158 Fifth Avenue, Inc.* (256 App. Div. 685), this court said: " The tenant stockholders in a co-operative apartment building are concerned in the purchase of a home. Necessarily, therefore, the permanency of the individual occupants as tenant owners is an essential element in the general plan and their financial responsibility an inducement to the corporation in accepting them as stockholders. Under the ' Plan of Organization ' each stockholder is entitled to vote upon the choice of neighbors and their financial responsibility. The latter consideration becomes important when it is remembered that the failure of any tenant to pay his proportion of operating expenses increases the liability of other tenant stockholders. Thus, in a very real sense the tenant stockholders enter into a relation not unlike a partnership, though expressed in corporate form." While it is true the contract in that case required the consent of the directors and stockholders for an assignment, the quoted language is applicable to indicate the nature and purpose of the co-operative enterprise.

Defendants lose sight of the clause contained in the very subdivision of the lease on which they rely, providing that no assignment shall be valid unless the assignee assumes all the unfulfilled obligations of the assignor " as though the assignee were the Lessee named herein and had executed this lease." That provision obviously was placed in the lease to secure payment of the lessee's obligations. The only assets this trustee has are the stock of the plaintiff corporation itself and the lease against which, in case of default, plaintiff could in any event have execution. The lease with about eighty-five years to run is a liability, and there is nothing to show that the stock with its onerous restrictions has any present market value or that it pays or ever paid any dividends. The purported assumption by the trustee holding such assets, of Alger's unfulfilled obligations on the lease furnishes no security whatever. Moreover, while the trustee is obligated

to assume the liabilities as if he were the lessee who executed the lease, he cannot in fact do so as the trust may end at any moment on the death of the beneficiary, and in any event terminates when the beneficiary is twenty-five.

When defendant Alger entered into this co-operative venture in 1928, under the terms of his lease he covenanted that he " shall always in good faith endeavor to observe and promote the co-operative purposes which the Lessor was incorporated to accomplish." The proprietary lessees were then mainly concerned with the purchase of a home in a building protected by various restrictions they considered desirable. They were not merely making an investment, as is indicated by the provisions relating to the financial responsibility, unobjectionable conduct and status of the other tenants, and even visitors and persons dwelling in the house. The provision that a trustee may stand in the place of a member of the favored class was intended to carry out that purpose. The trust before us is inconsistent with such purpose and with the covenant solemnly made.

We think the provisions of the lease authorizing an assignment to a trustee were not intended by the contracting parties as illusory provisions under which a tenant could terminate all his future obligations by merely substituting a trustee of a naked trust. The rental of one dollar a year was purely nominal. The tenants also contracted to pay their proportionate share of the maintenance charges. This mutual agreement fundamental to the whole co-operative scheme is frustrated by the purported assignment to the trustee in question and the assignment is an obvious device to shift the assignor's burdens on the remaining tenants who continue to pay the maintenance charges and to promote the co-operative purposes for which plaintiff was formed.

We confine our decision to the facts presented. The general sense of the contract and its known purposes compel us to reject defendants' claim. As was said in the *Atwater* case (*supra*), " Reason, equity, fairness — all such lights on the probable intention of the parties — show what the real agreement was."

Judgment should be rendered for plaintiff against defendants as prayed for in the agreed statement of facts, without costs.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff against the defendants as prayed for in the agreed statement of facts, without costs    Settle order on notice.