1165 Fifth Avenue Corporation, Respondent, *v.* George W. Alger et al., Appellants.

Argued January 15, 1942; decided April 23, 1942.

*Harold R. Medina* and *Lewis F. X. Cotignola* for appellants. The Appellate Division in resolving the controversy against defendants, did so by inferring facts not stipulated, and drawing inferences contrary to the facts as stipulated. These errors are errors of law reviewable in the Court of Appeals. (*Marx* v. *Brogan*, 188 N. Y. 431; *Cerf* v. *Diener*, 210 N. Y. 156; *Bradley* v. *Crane*, 201 N. Y. 14; *People* v. *Hewson*, 224 N. Y. 136; *Lafrinz* v. *Whitney*, 233 N. Y. 107; *Feist* v. *Fifth Ave. Bank*, 280 N. Y. 189; *Trimble* v. *New York Life Ins. Co.*, 234 App. Div. 427; *Brown* v. *Spohr*, 180 N. Y. 201.) The defendants have complied with the conditions prerequisite to a valid assignment of the lease and are entitled to judgment in their favor on the submission made by the parties. (*Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Broadway Realty Co.* v. *Lawyers Title, Ins. & Tr. Co.*, 226 N. Y. 335; *Wright* v. *Reusens*, 133 N. Y. 298; *Rosenthal* v. *Amer. Bonding Co.*, 207 N. Y. 162; *Gans* v. *Ætna Life Ins. Co.*, 214 N. Y. 326.)

*George J. Kraft* for respondent. The trust created by the defendant Alger is not a trust contemplated by the proprietary

lease since the trustee has no assets with which to support his assumption of the covenants of the lease other than the lease and the appurtenant stock. (*Penthouse Properties, Inc.*, v. *1158 Fifth Avenue, Inc.*, 256 App. Div. 685; *Tompkins* v. *Hale*, 172 Misc. Rep. 1071; 259 App. Div. 860; 284 N. Y. 107; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519; *Manson* v. *Curtis*, 223 N. Y. 313; *Gillet* v. *Bank of America*, 160 N. Y. 549; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Walsh*, 211 N. Y. 90.)

DESMOND, J. This controversy was submitted to the Appellate Division, first department, upon an agreed statement of facts.

Plaintiff, a domestic corporation, owns the land and building at 1165 Fifth avenue in the city of New York. These premises are used as a " cooperative " apartment house, in which a person becomes a " tenant-owner," entitled to occupy one apartment, by purchasing an appropriate number of shares of plaintiff's stock and by executing a lease of the particular apartment, for a term of ninety-nine years, which lease requires that the " tenant-owner " pay an annual rent of one dollar, plus his proportionate share of the taxes, interest and other expenses of the whole building.

In 1928 defendant George W. Alger became the " tenant-owner " of Apartment 13-C in the building by purchasing 238 shares of plaintiff's capital stock for $26,180, and by signing one of the proprietary leases above described. By that lease he agreed that he would not assign his rights thereunder without plaintiff's consent, " except * * * to a person standing in the relationship of wife, widow, husband, widower, brother, sister, child, grandchild, or parent of the Lessee, or to a Trustee for the benefit of any such person, but not in any case except to an owner of the said shares of the capital stock of the Lessor issued to the Lessee in connection with the allotment of the apartment." The lease says further on this matter of assignment: " No assignment of this lease, in accordance with the provisions hereof, shall become effective unless and until the assignee shall deliver to the Lessor an instrument in writing assuming all the unfulfilled obligations of the assignor, if any, hereunder, and assuming all of the covenants and obligations hereof as though the assignee were the Lessee named herein and had executed this lease. The Lessor may, at its option, withhold its consent to any assignment or transfer of the proprietary lease,

or to a subletting of the premises or any part thereof or to the use and occupancy of the premises, until all sums or amounts due and payable by the Lessee to the Lessor by reason of any of the terms and conditions of this lease have been fully paid to the Lessor. Whenever the holder of any proprietary lease shall, under the provisions thereof, be entitled to assign the same, and shall so assign it and the assignee shall deliver to the Lessor, an instrument in writing assuming all of the unfulfilled obligations of the assignor thereunder, such assignor shall have no further liability on any of the covenants hereof." In the by-laws of the plaintiff corporation there is similar language as to the transfer of shares of capital stock. All these documents, it is stipulated, were "prepared and proposed" by plaintiff.

In 1940 defendant Alger assigned his lease and transferred his stock to defendant Frederick H. Rohlfs, as trustee for the benefit of the settlor's grandson during the latter's life or until he should reach the age of twenty-five years, at which time the corpus was to be paid to the grandson; if the grandson died before reaching the age of twenty-five years the corpus was to be paid to the settlor's granddaughter, or, if she had predeceased the grandson, then to the settlor's daughter. Into this trust estate went no property except the stock and the lease above mentioned, although the settlor in the deed of trust reserved the right to deposit other securities with the trustee and gave the trustee the power to sell these other securities and apply the proceeds to the maintenance charges of the leasehold premises. The trustee in his written acceptance of trust incurred no personal liability. As trustee, but not individually, he assumed all unfulfilled obligations of the defendant Alger under the lease and all covenants and obligations of the lease, as though he were the lessee named therein. Up to the time of this assignment, defendant Alger had made all the payments required of him.

Plaintiff has not consented to this transfer and assignment and has refused to recognize them, taking the position that, under the terms of the landlord-tenant agreements above described, the transfers so attempted are not such as may be made without plaintiff's consent.

On these submitted facts the Appellate Division unanimously rendered judgment in favor of the plaintiff, to the effect that the assignment was not authorized by the lease and was, therefore, invalid. The court's opinion construes the lease, having " regard to the surrounding circumstances and to the obvious purpose the parties to the contract sought to accomplish," and holds that it does not permit an assignment to a trustee under the circumstances described in the statement of agreed facts. The court points to these particular circumstances: that the only assets of the trust estate are the stock and the lease, that the trustee does not assume any personal obligation under the lease, and that the trust may end before the lease expires. The opinion says that " the lease with about eighty-five years to run is a liability " and that " the assignment is an obvious device to shift the assignor's burdens on the remaining tenants who continue to pay the maintenance charges." (261 App. Div. 608, 610, 611, 612.) There is nothing at all in the submission concerning the circumstances surrounding the making of the contract or the purpose of the parties thereto, nor is there any statement of the assignor's motives in making the assignment.

Since the controversy was submitted to the Appellate Division on agreed facts (Civ. Prac. Act, §§ 546–548), the only question for us is, " whether the judgment correctly defines the effect of the stated facts as matter of law." (*Feist* v. *Fifth Avenue Bank,* 280 N. Y. 189, 190.)

Under the rules governing the submission of controversies the issue presented must be decided on the stated facts alone. If a decision cannot be made on those stated facts, without drawing inferences of fact or considering facts not submitted, then the submission is incomplete and must be dismissed. (*Feist* v. *Fifth Avenue Bank, supra; Title Guarantee & Trust Co.* v. *Mortgage Comm.,* 271 N. Y. 302.) There cannot be any decision on the submission unless the facts therein recited lead necessarily, as matter of law, either to the conclusion urged by one party or to the conclusion urged by the other. If the facts are such that conflicting inferences can be drawn, then the Appellate Division may not draw any such inferences but must dismiss.

The statement of agreed facts above summarized presents only the issues as to whether the assignment of the lease to the trustee for the benefit of the lessee's grandson is one of those permitted by the terms of the lease to be made without plaintiff's consent, and if so, whether the lessee is now released from liability under the lease. The language of the lease in this connection neither requires nor permits construction. Its wording is plain, simple, complete and unambiguous. The lease does not say that if it be assigned in trust for one of the designated relatives of the lessee, the trust must contain other assets besides the stock and the lease; nor does the lease say that if it be so assigned the trustee must assume personal liability; nor is there a condition that if the assignment be to a trustee the trust must endure for the unexpired term of the lease. The lease, without condition or qualification, expressly authorizes the lessee to assign it to a trustee for the benefit of his grandson. The parties have here stipulated that a trust for the grandson has in fact been established and so the specified conditions for assignment have been satisfied. Accordingly, on the facts as stated in the submission, this assignment was, as matter of law, one of those authorized by the precise terms of the lease.

Financial responsibility of the assignee is nowhere made a necessary condition. Had the assignment here been made directly to any one of the listed relatives of the lessee, there would be no doubt of its validity, impecunious though that individual assignee might have been. Or, if defendant Alger had made his assignment directly to his grandson of tender years, instead of to a trustee for that grandson, could plaintiff refuse to honor that assignment unless there was submitted with the assignment a showing that the infant was financially responsible? Suppose a proposed assignment runs to a testamentary trustee. Is there to be, in every such case, before the assignment need be given effect, a valuation of the whole of the trust estate of which such a lease becomes a part, to see whether the estate is solvent and able to produce enough income to pay future charges on the cooperative apartment? We find in the terms of the lease no notice or intimation to the investor that in connection with any assignment to a relative or a trustee, the lessee is required to set up some sort of endowment fund to guarantee the payment of his apartment's share of the building's

upkeep. Accordingly, there should have been judgment, as prayed for by defendants, declaring the trustee defendant entitled to a transfer to him of the stock and to recognition as the new tenant under the lease.

We conclude likewise that defendants, on the stipulated facts, are entitled, as matter of law, to judgment declaring that, on the tender to plaintiff of the assignment and the trustee's written assumption of liability, defendant Alger was released and discharged of liability under the lease. The last sentence of the excerpt from the lease, above quoted, says flatly that, on compliance with certain conditions, a lessee shall be so released. Defendant Alger has, according to the stipulation, complied with all such conditions, fully. General rules of law concerning the rights and liabilities of the assignor of a lease are not pertinent here. The parties here have agreed in advance that the liability of the original tenant comes to an end when he presents an assignment, of the kind described in the lease, and a written assumption, by the assignee, of all future liability. Indeed, the Appellate Division opinion seems to assume that release of the original lessee's liability must follow, if it be found that the assignment is of the kind permitted by the lease to be made without plaintiff's consent. Where the lease says that on assignment to a trustee and assumption by him of liability, the assignor shall be released from liability, surely we cannot add an additional requirement that the trustee-assignee must assume liability, *as an individual.*

We do not see this as a case where there is any need to go outside the contract itself, and to explore into the surrounding circumstances. If this were such a case and such a contract, the stipulation here would have to be dismissed, since it does not attempt to give us any background picture of the desires and motives of these parties in 1928 or in 1940. (See *Matter of City of New York* [*Vernon Parkway*], 285 N. Y. 326, 331.) But the written agreements here presented to us speak for themselves (*Title Guarantee & Trust Co.* v. *Mortgage Comm., supra*) and require that judgment enter for defendants.

It follows that the judgment of the Appellate Division should be reversed and judgment directed in favor of the defendants, without costs.

LOUGHRAN, J. (dissenting). The pivotal words of the lease are these: " No assignment of this lease, in accordance with the provisions hereof, shall become effective unless and until the assignee shall deliver to the Lessor an instrument in writing assuming all the unfulfilled obligations of the assignor, if any, hereunder, and assuming all of the covenants and obligations hereof as though the assignee were the Lessee named herein and had executed this lease. * * * Whenever the holder of any proprietary lease shall, under the provisions thereof, be entitled to assign the same, and shall so assign it and the assignee shall deliver to the Lessor, an instrument in writing assuming all of the unfulfilled obligations of the assignor thereunder, such assignor shall have no further liability on any of the covenants hereof."

I must confess myself unable to see how these words can reasonably be taken to mean that the lessee was discharged of all liability on this lease when his unfulfilled obligations thereunder were " assumed " by an assignee " not individually " but merely " as Trustee " of a trust which has nothing in it but the lease and the appurtenant stock of the corporate lessor. The lessee covenanted to pay the rent and his share of the carrying charges. Nobody pretends that this trustee-assignee can fulfill these obligations in any degree whatever. To say that the lessee was at once let out by this barren trust is to say that his unfulfilled obligations have been wholly unloaded upon his associates in this self-styled " 100% cooperative plan." Such a construction, I think, is necessarily excluded by the expressed predominant purpose of the parties. (See Jones on the Construction or Interpretation of Commercial and Trade Contracts, §§ 217–220; Thayer, Preliminary Treatise on Evidence, p. 412; *Manson* v. *Curtis*, 223 N. Y. 313, 320; *Shirai* v. *Blum*, 239 N. Y. 172, 179; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519, 524.)

We need not say whether the assignment would have been effective to release the lessee if it had been less radically destructive of his cooperative undertaking.

I think the judgment should be affirmed.

LEHMAN, Ch. J., FINCH and CONWAY, JJ., concur with DESMOND, J. LOUGHRAN, J., dissents in opinion in which RIPPEY and LEWIS, JJ., concur.

Judgment accordingly.