ALFRED A. HAASE et al., Plaintiffs, *v.* TITLE GUARANTEE AND TRUST COMPANY, as Trustee under an Indenture of Trust made by Alfred A. Haase for the benefit of May E. Haase, Defendant.

First Department, June 1, 1945.

*John S. Chapman, Jr.*, of counsel (*James Morrow* with him on the brief; *Duer, Taylor, Wright & Woods*, attorneys for plaintiffs Alfred A. Haase and Dorothea Haase; *James Morrow*, attorney for plaintiff, May Emma Haase Hallett), for plaintiffs.

*William T. Griffin* of counsel (*Joseph V. McKee*, attorney), for defendant trustee.

*Per Curiam.* This is a submission of a controversy under sections 546 to 548 of the Civil Practice Act, in which we are asked to determine whether an instrument executed by the plaintiffs effected a revocation of an *inter vivos* trust in accordance with the provisions of section 23 of the New York Personal Property Law.

Paragraph XII of the trust agreement provides: " The Donor has created this trust in the State of New Jersey, his place of residence and domicile, and intends that the validity and legal effect of the trust shall be governed by the laws of the State of New Jersey, and that said trust shall be executed in all respects in accordance with said laws."

In a submission under section 546 of the Civil Practice Act all of the facts necessary to a complete determination of the controversy must be stipulated. (*Rushing* v. *Commercial Casualty Ins. Co.*, 251 N. Y. 302; *Trimble* v. *New York Life Ins. Co.*, 234 App. Div. 427.) The law of another State is to be stipulated as any other fact. (*Yokohama Specie Bank, Ltd.*, v. *Chinese Merchants Bank*, 219 App. Div. 256.)

Here the agreed statement of facts does not include the New Jersey law. Instead, the parties, after oral argument, entered

into a stipulation in which they agreed that the laws of New Jersey or those of any other State except New York have no relevancy to the issues either as to construction of the trust agreement, or " the right, power and authority of the parties hereto to revoke and terminate the same."

Under the provisions of paragraph XII not only is construction to be governed by the laws of the State of New Jersey but also the execution or administration of the trust. Whether a trust may be terminated is determined by the laws of the State in which the trust is to be administered. (Restatement, Conflict of Laws, § 297, comment c; Note, 115 A.L.R. 802, 806.) Since the trust is to be " executed in all respects " in accordance with New Jersey law, it follows that the law of that State governs revocation.

The stipulated facts being insufficient for a complete determination of the controversy, the submission should be dismissed without prejudice and without costs.

CALLAHAN, J. (concurring). While I am of the opinion that New York law controls the ultimate question of revocation, that question cannot be resolved without first determining what persons are beneficially interested in the trust. This task of construction requires an inquiry into the " effect " of the instrument, which question is controlled by New Jersey law under the terms of the document.

The issue of foreign law being one of fact, we cannot pass on this controversy without a statement setting forth as a fact what that law is.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur in Per Curiam opinion; CALLAHAN, J., concurs in separate opinion.

Submission of controversy unanimously dismissed without prejudice and without costs. Settle order on notice. [See post, p. 928.]