BEFORE THE FIRST DIVISION

DECEMBER 22, 1960

No. 64985.—Inter Maritime Forwarding Co., Inc. v. United States, protest 58/16546 (New York). Plaintiff's motion to set aside submission and to vacate the order, dated September 12, 1960 (Abstract 64530), denied by Chief Judge OLIVER and Judge WILSON; Judge MOLLISON dissenting. The following dissenting opinion accompanied the order denying the motion:

DISSENTING OPINION

MOLLISON, Judge: Quite apart from the wrongful exclusion from evidence of plaintiff's exhibits 6, 7, and 8 for identification, as indicated in my dissent to the order of September 12, 1960, denying plaintiff's motion to admit the aforesaid exhibits in evidence, the motion of the plaintiff to set aside the submission in this cause should be sustained, the order of September 12, 1960, vacated, and the submission set aside.

At the time of the submission of the case, all of the facts necessary to a complete determination of the controversy were not before the court. Cf. Haase et al. v. Title Guarantee & Trust Co., 55 N.Y.S. 2d 428, 269 App. Div. 319; Trimble v. New York Life Ins. Co., 255 N.Y.S. 292, 234 App. Div. 427; Title Guarantee & Trust Co. v. Mortgage Commission, 3 N.E. 2d 433, 271 N.Y. 302. The proceedings in the cause were in an unfinished or incomplete condition or state. On May 5, 1960, the date of submission, the offer of plaintiff's exhibits 6, 7, and 8 for identification into evidence had not been ruled upon by the court.

The decision of the majority of the court on the admission into evidence of the aforesaid exhibits for identification was made seemingly on the basis of the *merits* of the case rather than from the evidentiary standpoint of the admissibility of the documents.

In addition to the foregoing, even if the majority of the court were correct in its ruling in refusing plaintiff's exhibits 6 and 7 for identification admission in evidence, nevertheless, the submission should be set aside, the order of September 12, 1960, vacated, and the plaintiff allowed to make proof of its alternative claim that the woolen quota had not been exhausted. Cf. Esso Standard Oil Company v. United States, 30 Cust. Ct. 111, C.D. 1506.

Plaintiff's exhibit 8 for identification would tend to show that the woolen quota had not been exhausted. Said exhibit for identification is relevant and material and has probative value; it is capable of properly influencing the result of the trial. The provisions in the statutes and the rules of court for a hearing imply

both the privilege of introducing evidence and the duty of deciding in accordance with it. It was unjust and unfair to exclude from evidence plaintiff's exhibit 8 for identification and likewise now unfair to refuse to vacate and set aside the submission and to permit said exhibit to be considered on the issue that the woolen quota had not been exhausted. *Cf. Chicago Junction Case,* 264 U.S. 258, 265; 44 S. Ct. 317, 320, 321; 68 L. ed. 667, 674. The rejection of this relevant and material evidence would be prejudicial[1] to the plaintiff and would, in substance and effect, deny the plaintiff its day in court and would further deprive it of due process of law in violation of the Fifth Amendment to the Federal Constitution. *Walker Mining Co.* v. *Industrial Accident Commission et al.,* 95 P. 2d, 188, 35 Cal. App. 2d 257; *State* v. *Sax,* 42 N.W. 2d 680, 231 Minn. 1; *Cary* v. *Corporation Commission of Oklahoma,* 9 F. Supp. 709.

I would set aside the submission, vacate the order of September 12, 1960, denying plaintiff's exhibits admission into evidence, and grant the plaintiff 30 days after the court acts to serve and file its brief, and time for defendant to reply.

---

[1] *Nussbaum* v. *Atlas Laundry Co., Inc.,* 10 F. (2d) 353.