### MARCY v. REIMER et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1900.)

:EASEMENTS—WATER—ADJACENT LANDOWNERS.

A common grantor owned two tracts of land, and on one of the tracts a spring was located, the water from which was .conducted by under-ground pipes, and discharged in a receptacle on the other tract. She conveyed the tract on which the spring was located to defendant, and there-after conveyed the other tract to plaintiff, and neither deed contained any mention of the spring or water. *Held* that, since at the time of the sec-ond conveyance plaintiff owned no property rights in the spring, the gran-tee of the second tract acquired no easement therein, or in the flow of the water to the receptacle, as appurtenant to his land.

Appeal from special term, Dutchess county.

Action by Marcus D. Marcy against Adolph Reimer and another ¬for damages for cutting a pipe which carried water to plaintiff's prem-ises from a spring on defendants' adjoining land. The parties held under a common grantor, by deeds executed on the same day, but ·defendants had previously been in possession under a contract of ¬sale. From a judgment for defendants, plaintiff appeals. Affirmed.

The following is the opinion of the trial court:.

The deeds by which the parties obtained title to their respective lands were .both delivered on the same day. Whose deed was delivered first? The par-.ties and their witnesses differ on this point. A Mrs. White owned a tract of land. She agreed to sell a part of the tract to Reimer in January, 1894; deed ·to be delivered March 31, 1894, with possession delivered immediately. There was a spring on the piece Reimer bought, from which water was conveyed by underground pipes, which discharged in a tub above the surface of the ground on the part of the White land which she retained. No reservation of the right to have the water flow to the tub was contained in the agreement, .and Reimer knew nothing of the source of the water flow which discharged in the tub. On the 20th of March, 1894, one Feroe agreed with Mrs. White to .buy the part of the tract not sold to Reimer, and to pay $500 on the 31st of March, 1894, and take a deed securing ·the remainder by mortgage on the prop-.erty. On the 31st March, 1894, Mrs. White attended, with her deeds,—one to Reimer and the other to Feroe. It then, for the first time, was proposed by .Feroe that the plaintiff, who was his son-in-law, should take the deed, and he would secure the payment of the part of purchase money unpaid by an addi-tional security on his (Feroe's) other lands. This made a change in the deed necessary, and also a new mortgage. This mortgage was drawn by a justice ·of the peace. Feroe is dead; but the agent of the owner, Mrs. White, and ·others give evidence tending to show that the Feroe deed was delivered about .half past one or two o'clock p. m., and before the Reimer deed. The defend-

ant's witnesses say that the Feroe deed was not completed until one or two o'clock p. m. I think the circumstances support the views of the defendant. The parties all met at the same place, in respect to both deeds. Reimer had but to pay the purchase price and take his deed. Feroe could not take his deed until after a new mortgage was drawn on other property, and this would naturally take time, and meanwhile the deed would be withheld. I find that the Reimer deed was first delivered. There was no reservation in it of the right to the water.

There is another disputed question between the owner and Marcy; Mrs. White's agent, Smith, stating that the plaintiff, before the deed was given, saw the water running in the tub, and asked him about it, and he replied to him that he would not guaranty that. The plaintiff denies this. I think the agent, Smith, is entitled to credit. He is uninterested, and it is natural that plaintiff should ask, before purchasing, whether or not the water flow in the tub would be continued, and where it came from. Plaintiff's deed contained no grant of the right in direct words, or in any way, unless it passed as an appurtenant to the land. In point of fact, it could not be an appurtenant when the Marcy deed was given, for the right of Mrs. White had then been conveyed away. Mrs. White had no right to it, and could convey none by deed. It was not a right which passed as an appurtenant, under the evidence in this case. Root v. Wadhams, 107 N. Y. 384, 14 N. E. 281. The owner never intended to reserve the right, and sold by absolute conveyance. The purchaser, Reimer, knew of no easement. None was visibly imposed on the same. Wells v. Garbutt, 132 N. Y. 430, 30 N. E. 978. The complaint of the plaintiff should be dismissed, with costs.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

D. W. Guernsey, for appellant.

F. B. Lown, for respondents.

GOODRICH, P. J. We concur generally in the opinion delivered below by Mr. Justice BARNARD, and desire to add but a word in amplification. The learned trial judge properly found that the contract, the possession thereunder, the delivery of the deed to Reimer, the defendant, and the record thereof, antedated those of the plaintiff. It is, of course, clear that the plaintiff could take nothing from his grantor, Mrs. White, the former owner of both parcels, except what the grantor herself had at the time of the conveyance to him. The law is well settled that, in the case of implied grants or reservations of appurtenances or easements, a very different rule obtains between grantor and grantee. One is much more readily implied in favor of the grantee than in favor of the grantor. Wells v. Garbutt, 132 N. Y. 430, 30 N. E. 978; Paine v. Chandler, 134 N. Y. 385, 32 N. E. 18. Had Mrs. White owned the whole property at the time of her conveyance to the plaintiff, it may well be that, under the decisions cited, there would have passed to him the easement to the water flowing from the spring on premises not conveyed. But at that time she did not own the adjacent premises on which the spring was located; and, under the cases cited, when Mrs. White conveyed to the defendant no reservation of the easement over the land conveyed would have been implied in her favor.

The judgment should be affirmed, with costs. All concur.