JONAH J. GOLDSTEIN, Appellant, *v.* JAMES L. HUNTER et al., Respondents.

402

(Argued October 7, 1931: decided November 17, 1931.)

*Albert de Roode* and *David Goldstein* for appellant. The conveyance to plaintiff's predecessor granted by implication an easement in the drainage system as it then existed and was known to the grantor, and this easement was binding as against the defendants, who acquired the servient tenement. (*Heyman* v. *Biggs*, 223 N. Y. 118; *Parsons* v. *Johnson*, 68 N. Y. 62; *Lampman* v. *Milks*, 21 N. Y. 505; *Thayer* v. *Payne*, 2 Cush. 327; *Simmons* v. *Cloonan*, 47 N. Y. 3; 81 N. Y. 558; *Green* v. *Collins*, 86 N. Y. 246; *Paine* v. *Chandler*, 134 N. Y. 385; *Johnson* v. *Jordan*, 43 Mass. 234; *Spencer* v. *Kilmer*, 151 N. Y. 390; *Mattes* v. *Frankel*, 157 N. Y. 603; *Phillips* v. *West Rockaway Land Co.*, 226 N. Y. 507; *Wiesel* v. *Smira*, 49 R. I. 246.) Knowledge by or visibility to a subsequent grantee of the servient tenement has nothing to do with the anterior creation of the easement. (*Lampman* v. *Milks*, 21 N. Y. 505; *Simmons* v. *Cloonan*, 47 N. Y. 3; 81 N. Y. 558; *Parsons* v. *Johnson*, 68 N. Y. 62; *Paine* v. *Chandler*, 134 N. Y. 385; *Spencer* v. *Kilmer*, 151 N. Y. 390; *Heyman* v. *Biggs*, 223 N. Y. 118.) The easement need not be corporeally apparent, open or visible if the

grantor of the dominant tenement has actual knowledge of its existence. (*Larsen* v. *Peterson*, 53 N. J. Eq. 88; *Schwann* v. *Cotton*, [1916] 2 Ch. 120; *Simmons* v. *Cloonan*, 81 N. Y. 558; *Phillips* v. *West Rockaway Land Co.*, 226 N. Y. 507; *Huttemeier* v. *Albro*, 18 N. Y. 48; *Matter of Brook Avenue*, 40 App. Div. 519; 161 N. Y. 622; *Matter of 116th Street*, 1 App. Div. 436.)

*Edward J. Pigott*, *H. Lincoln Miller* and *Anthony B. Bernard* for respondents. No easement was created in favor of the plaintiff on the severance of the entire estate by a common owner. (*Lampman* v. *Milks*, 21 N. Y. 505; *Paine* v. *Chandler*, 134 N. Y. 387.) Knowledge on the part of the grantor alone is not sufficient to create an easement by implication. (*Simmons* v. *Cloonan*, 81 N. Y. 558; *Heyman* v. *Biggs*, 223 N. Y. 118; *Mattes* v. *Frankel*, 157 N. Y. 603.)

CRANE, J. This action is brought by the plaintiff for the purpose of securing a permanent injunction restraining the defendants from cutting off the connection of the plaintiff's dwelling house at No. 1 Ostend place, Far Rockaway, in the borough of Queens, city of New York, with the sewer connected therewith in Grandview avenue.

On or about November 13, 1915, one Kean became the owner of property at Far Rockaway running from Ostend place about 300 feet through to Grandview avenue. In this avenue there was a public sewer. Kean caused to be erected on this unified plot of land three dwellings known as Nos. 1, 5 and 9 Ostend place, and three bungalows in the rear toward Grandview avenue. There was a house already constructed back of these bungalows and nearer to Grandview avenue.

When these buildings were erected a sewer for common use was also built by Kean from the Ostend place part of the property down to the public sewer in Grandview avenue and the drainage from these seven houses connected with this common sewer.

On the 9th day of January, 1920, Kean conveyed to Bieber, plaintiff's predecessor in title, one of the three houses on Ostend place, known as No. 1, at which time all seven houses were connected with the sewer. Kean having retained the four houses and property between the plaintiff's house and Grandview avenue, by implication of law established an easement as against himself in his land for the maintenance of the sewer connections from the plaintiff's property through to the main sewer on Grandview avenue. In other words, a grantor of a unified plot through which a sewer runs and on which lot houses have been built, by conveying one of the houses impliedly grants to his grantee the right to use the main sewer connections as constructed running through his land to the sewer in the street. The purchaser in such a case would have an easement through his grantor's land to use the constructed sewer connections. Although not expressed in the deed, the implied easement arises because the grantor knew of the one sewer pipe connecting all the houses and was well aware that the portion of the property he had granted away was drained through the sewer.

Later, and on the 2d day of March, 1921, Kean conveyed to the defendants the property through which ran this common sewer, who took without any knowledge of existing conditions or of this underground drain connecting the surrounding houses. The record title disclosed no easement in the property they were about to purchase and nothing in the deeds indicated that the plaintiff had any rights therein. They took the property without notice of the connection of the plaintiff's house with a drain running through their property and underneath their houses to Grandview avenue.

The trial court has found as a fact that no physical construction upon the property would give notice to a reasonably prudent purchaser of the existence of such a drain. How, then, can these innocent purchasers, without

notice, lose a portion of their fee by an easement running through and over their land, in behalf of the plaintiff, as a dominant tenant?

The Real Property Law (Cons. Laws, ch. 50), in section 242, says: "An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any manner relating thereto, can not be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing."

And section 291, relating to the recording of conveyances, provides: " A conveyance of real property, within the state, * * * may be recorded in the office of the clerk of the county where such real property is situated, * * *. Every such conveyance not so recorded is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."

The defendants were purchasers in good faith and for a valuable consideration. If in recording their deed they would hold their property as against any prior unrecorded deed held by the plaintiff, surely they would hold it free from anything less than a deed in fee such as an agreement, express or implied, creating an easement. Good faith means also want of notice. If the defendants had had notice, actual or constructive, regarding the easement, their rights would be subordinate thereto. Notice in a case like this would arise from such conditions on the property as would draw the attention of a reasonably prudent purchaser to the underground drain or put him on inquiry regarding it. *Butterworth* v. *Crawford* (46 N. Y. 349, 352) stated the principles to be applied:

" The rule of law which creates an easement on the severance of two tenements or heritages, by the sale of one of them, is confined to cases, where an *apparent sign* of servitude exists on the part of one of them in favor of the other; or as expressed in some of the authorities, *where the marks of the burden are open and visible.*

" Unless therefore, the servitude be open and visible, or at least, unless there be some apparent mark or sign, which would indicate its existence to one reasonably familiar with the subject, on an inspection of the premises, the rule has no application."

Vice-Chancellor PITNEY, in *Larsen* v. *Peterson* (53 N. J. Eq. 88, p. 94), stated regarding a similar situation: " The parties should have either actual knowledge of the *quasi*-easement or knowledge of such facts as to put them upon inquiry." The cases of *Paine* v. *Chandler* (134 N. Y. 385); *Treadwell* v. *Inslee* (120 N. Y. 458); *Lampman* v. *Milks* (21 N. Y. 505), while actions by or against the original grantor, also indicate this as the true rule. (See, also, *Steinbeck* v. *Helena,* 195 App. Div. 186, 189.)

The opinion in *Stuyvesant* v. *Early* (58 App. Div. 242), confidently relied upon by the appellants and cited in *Wiesel* v. *Smira* (49 R. I. 246), states that there was a visible arrangement by which the plaintiff's sewerage was discharged through a drain under the adjacent property, then owned by the grantor, to the sewer in Forty-first street. The case proceeds upon the theory that the drain and connecting sewer were visible and apparent, or at least that the conditions were such as to carry this knowledge to one examining the premises. In so far as *Wiesel* v. *Smira* (*supra*) declares a different principle, we cannot adopt it.

The findings in this case are that the defendants made a physical inspection of both the property conveyed to them and the property of the plaintiff prior to the acquisition of title, and the inspection disclosed no sewer

drain or pipe running across the property of both the plaintiff and the defendants or of either of said properties; that the pipe was not open, apparent or visible. As supplementary to these findings, we have examined the evidence and can discover no proof of any visible or apparent marks which would indicate the existence of the drain.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.