LOUIS RIFKIN, Respondent, v. STUYVESANT INSURANCE COMPANY OF NEW YORK, Appellant.

First Department, April 6, 1934.

*Stanley Garten,* for the appellant.

*Maurice Smith,* for the respondent.

GLENNON, J. The complaint is based on a policy of insurance issued February 3, 1932, by defendant to plaintiff, the owner of a Buick automobile, insuring the plaintiff against its theft. The

amount of the policy is $1,200. It is alleged in the complaint that the automobile was stolen on May 26, 1932.

The defendant in its answer set up as a first affirmative defense that on March 1, 1932, plaintiff executed and delivered a chattel mortgage upon the automobile to the Tri-State Discount Company. The plaintiff's policy concededly contained the following provision: " Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage, or other encumbrance specifically set forth and described in Paragraph D of this policy, this company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage or other encumbrance."

It is alleged by defendant that the chattel mortgage was not set forth and described in paragraph D of the policy " and that no provision for the same was made by agreement in writing, added to the said policy."

The plaintiff, in his reply, alleged two defenses: (1) That before the theft the defendant insured the interest of the mortgagee in the plaintiff's automobile and at no time rescinded or canceled the policy which is the subject of this action. Not only that, but it has retained the premium and, as a consequence, has waived the clause of the policy referred to by defendant as the chattel mortgage provision in paragraph 5 of the answer. (2) That defendant, by failing to rescind and cancel plaintiff's policy after defendant knew that plaintiff had borrowed a sum of money from the mortgagee, is estopped thereby from setting up the defense.

The order in the City Court struck out the defenses in the reply as insufficient in law. Plaintiff thereupon appealed to the Appellate Term which held that " The defenses alleged in the reply are sufficient in law."

It is asserted by the plaintiff in his brief, in substance, that since the defendant company also insured the mortgagee's interest in the same car, it is estopped from setting up the defense " that the change of interest in the insured's property voids the policy." The difficulty with this argument is that the defendant does not make any such claim. It contends, in effect, that the action of the plaintiff in giving a chattel mortgage on the car simply suspended its liability for loss or theft, which would ordinarily have accrued during the life of the policy. In other words, if plaintiff had satisfied the mortgage prior to the day the car was stolen, the effect would have been to revive the defendant's obligations. Thus there is no question of forfeiture involved in this case. By issuing a policy to the mortgagee, the defendant did not waive the force and effect of the chattel mortgage provision.

We believe that even though the company had full knowledge of the fact that it covered the same automobile for the mortgagee which plaintiff had insured, that circumstance in and of itself would not have the effect of working an estoppel. Furthermore, we cannot lose sight of the fact that insurance companies operate through agents, and that it would be well nigh impossible for them to keep a check on each automobile covered on every occasion on which a policy is issued.

When the policy in suit was delivered to the plaintiff, there was no chattel mortgage on the car. Subsequent thereto the plaintiff saw fit to borrow funds, and to give a chattel mortgage as security to the lender. Plaintiff did not change his position in reliance upon any act or statement by defendant. "An estoppel rests upon the word or deed of one party upon which another rightfully relies, and so relying, changes his position to his injury." (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292.)

The language of the clause which is the subject of this discussion is not in the least ambiguous. Even though the defendant company had knowledge of the issuance of a second insurance contract covering the same subject-matter, it cannot be said to have waived the provisions of the plaintiff's policy.

In *Woodside Brewing Co.* v. *Pacific Fire Ins. Co.* (11 App. Div. 68; affd., upon the opinion below, 159 N. Y. 549), the policy, among other conditions, contained the following: " This entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed." After the policy was issued an action to foreclose the mortgage was commenced. A fire occurred and the insured brought an action on the policy. The defendant company pleaded that the policy was void because of the commencement of the foreclosure action prior to the fire. The insured offered to prove the giving of oral notice to the company of the foreclosure action and the failure of the company to cancel or rescind the policy. The evidence was excluded and a verdict directed for defendant. In affirming the judgment, Presiding Justice BROWN said in part: " The rule that an insurance company will not be permitted to defeat a recovery upon a policy issued by it by proving the existence of facts which would render it void, where it had full knowledge of them when the policy was issued, is too well established by the authorities of this State to need discussion." He held, however, that the facts in that case did not bring it within the principle of the rule. So here, the facts upon which plaintiff relies do not

bring him within the rule since they have reference to occurrences *after the policy was issued.* (See, also, *O'Connor Transp. Co., Inc.,* v. *Glens Falls Ins. Co.,* 198 App. Div. 136; affd., 233 N. Y. 659.)

For the reasons assigned herein, the determination of the Appellate Term, in so far as it modified the order of the City Court and held the defenses contained in the reply to be sufficient, is reversed, and the order of the City Court affirmed in all respects, with twenty dollars costs and disbursements in this court, and ten dollars costs and disbursements in the Appellate Term to the appellant, with leave to plaintiff to serve an amended reply within five days from service of order to be entered hereon, with notice of entry thereof, upon payment of said costs.

FINCH, P. J., and TOWNLEY, J., concur; MERRELL, J., dissents.

Determination appealed from, in so far as it modified the order of the City Court and held the defenses contained in the reply to be sufficient, reversed and the order of the City Court affirmed in all respects, with twenty dollars costs and disbursements to the appellant in this court, and ten dollars costs and disbursements in the Appellate Term, with leave to the plaintiff to serve an amended reply within five days from service of order, upon payment of said costs.