In the Matter of the Accounting of LOCKPORT EXCHANGE TRUST COMPANY, as Executor and Trustee under the Will of ANDERSON CROWFORTH, Deceased.

Surrogate's Court, Niagara County, January 23, 1950.

*W. Alfred Brim* for executor and trustee, petitioner.

*J. Carl Fogle* for Annie Gummerson, respondent.

*Montford C. Holley* for Masonic Temple Association, respondent.

*Joseph Speranza* for Ada L. Sipson, respondent.

MARSH, S.  Anderson Crowforth died on the 13th day of March, 1948, leaving a last will and testament, bearing date August 29, 1930, which has been duly admitted to probate by this court.  The executor of and trustee under the said last will and testament now seeks a determination as to the construction, validity and effect of certain of the provisions contained in said will in connection with an accounting proceeding.

The pertinent provisions of the will which follow a direction for the payment of debts and funeral expenses and certain specific bequests are as follows:

" Fourth — All of the rest, residue and remainder of my property of every name, nature and description and wheresoever situate, I give, devise and bequeath to the Lockport Exchange Trust Company of Lockport, New York, in trust nevertheless for the following purposes: —

" 1 — I direct said trustee to keep my said estate properly invested so that it may yield the best income obtainable.

" 2 — That said trustee dispose of said income as follows:

"1st — I direct said trustee to pay to my sister Hannah Eliza-
beth Crowforth of Brampton, Ontario, the sum of Four Hundred
Dollars ($400.00) each and every year during her life, payable
quarterly.

" 2nd — I direct that said trustee shall pay to Ada L. Sipson
the sum of Two Hundred Dollars ($200.00) each and every year
during her life, or so long as she shall remain unmarried, payable
quarterly, and at her death, or marriage, said income to cease.

" 3rd — All of the rest of the income from my estate, I direct
said trustee to pay to my said wife Rosannah Crowforth during
her natural life, or so long as she shall remain my widow unmar-
ried, such bequest to my said wife to be in lieu of dower and
all claims of every nature against my estate.

" Fifth — At the death, or remarriage of my said wife
Rosannah Crowforth, I direct that my trustee retain sufficient
funds in its hands to pay the bequests so hereinbefore made to
Hannah Elizabeth Crowforth and Ada L. Sipson and that it dis-
pose of the residue of my estate as follows:

" 1 — That said trustee pay to my said nephew Thomas J.
Cooper the sum of Five Hundred Dollars ($500.00).

" 2 — That said trustee shall retain in its hands fifteen per
cent (15%) of such residue of my estate and pay the income
thereof to my sister Mary Jane Cooper during her life and at her
death pay the principal thereof to my nephews Thomas J. Cooper
and Albert Edward Cooper and Edwin Denton Cooper, or to the
survivors of them, share and share alike.

" 3 — That said trustee shall pay fifteen per cent (15%) of
such residue of my estate to my sister Hannah Elizabeth Crow-
forth.

" 4 — That said trustee shall pay fifteen per cent (15%) of
such residue of my estate to my sister Annie Gummerson.

" 5 — That said trustee shall pay fifteen per cent (15%) of
such residue of my estate to my nephew Charles H. Harrison
and to my niece Ethel Harrison Kelley share and share alike.

" 6 — That said trustee shall pay the remaining forty per cent
(40%) of such residue of my estate to the Masonic Temple Asso-
ciation of Lockport, New York, absolutely and forever."

Hannah Elizabeth Crowforth, sister of the testator, the bene-
ficiary of a $400 annuity during her lifetime, under paragraph
fourth of the will and to whom a 15% remainder interest in the
residuary estate was given under paragraph Fifth, predeceased
testator leaving no issue and Mary Jane Cooper, beneficiary of
the income during her lifetime of 15% of the remainder of the

residuary estate under paragraph Fifth, Edwin Denton Cooper, to whom was given a remainder interest following the life estate of Mary Jane Cooper under paragraph Fifth of the will, and Ethel Harrison Kelley, niece, having a remainder interest of 15% of the residuary estate under paragraph Fifth, also all predeceased the testator.

It seems clear under the provisions of subparagraph 2 of paragraph Fifth that the 15% of the remainder therein provided for, in consequence of the death of Mary Jane Cooper and Edwin Denton Cooper prior to that of the testator, vests in equal shares in Thomas J. Cooper and Albert Edward Cooper, both of whom survived. The legatees mentioned in paragraph Fifth, other than those who predeceased the testator, all have vested remainders in the residuary estate in the amount and to the extent described in such paragraph, which are not subject to their being divested upon any of said legatees dying prior to the death or remarriage of Rosannah Crowforth or Ada L. Sipson.

Conflicting claims have been made by the parties as to the disposition to be made of the 15% remainder interest of Hannah Elizabeth Crowforth under subparagraph 3 of paragraph Fifth and the 7½% remainder interest of Ethel Harrison Kelley under subparagraph 5 of paragraph Fifth, both of which have lapsed.

It is the contention of the Masonic Temple Association of Lockport, New York, that the language of subparagraph 6 of paragraph Fifth under which, " the remaining 40% ", of the residue of the remainder is left to the Masonic Temple Association and which follows specific allocations of 60% of the remainder interest to particular individuals, in effect provides for a distribution of all the residue remaining after the other dispositions are provided for. Giving it the effect of a general residuary clause, it is contended that all lapsed legacies would pass thereunder. To give decisive effect, however, to the use of the word, " remaining ", without coupling thereto, " 40% ", it seems to me completely negatives the expressed intent of the testator. Despite his close affiliation with and concern for the temple association, ample proof of which is shown in the record, resort to the language of the will as the guide to which the court must resort to ascertain the testator's intent does not allow the complete by-passing of testator's specific designation of 40% as the association's share of the corpus.

There being no testamentary disposition made of the lapsed legacies, the question remaining is whether the widow shares as a distributee in the distribution under the laws of intestacy of the lapsed legacies.

By paragraph fourth of the will, testator specifically provided that the provisions therein made for his widow were, "to be in lieu of dower and all claims of every nature against my estate".

The courts of this State have long asserted the rule, thoroughly discussed in *Matter of Benson* (96 N. Y. 499), that a widow, by accepting provisions made for her in the will of her husband in lieu of all her rights as widow in his estate, assents to all the terms and conditions annexed to such provisions and becomes bound by them just as if she had covenanted to observe them. Language practically identical in form to that employed in the will herein was accepted by the court in *Matter of Benson* (*supra*) as being sufficient to bar the widow from participation in the distribution of lapsed legacies. The specific language therein was, "It is my will, and I do hereby declare that the devises and bequests hereinbefore made, to and for the benefit of my beloved wife, Jane E. Bullard, are made and shall be accepted by her, in lieu and bar of her dower, and of all claims she may have upon or against my estate as my widow." (P. 503.)

Similarly, the right of a widow to share in the estate of which a testator died intestate has been held barred in *Matter of Silsby* (229 N. Y. 396, 404) wherein provisions for the widow were made by will, "in lieu of dower and other interests in the testator's estate"; in *Chamberlain* v. *Chamberlain* (43 N. Y. 424, 443) wherein provisions were made for the widow in the will, with the statement that if they were accepted by her, "she shall not be entitled to receive any other share or interest in my estate"; and in *Lee* v. *Tower* (124 N. Y. 370, 374) wherein it was provided by will that provisions for the widow were, "to be in lieu, substitution and satisfaction of her dower, thirds, and all other interest in my estate, real, personal, and mixed."

According to the provisions of testator's will the effect which similar provisions have been uniformly accorded in this State through the years requires that we find that the widow, by accepting the provisions made for her in the will, is barred from now participating as a distributee in the distribution of the lapsed legacies passing by intestacy.

Testator's will was drawn by a skilled and competent draftsman and the fact that the language employed so closely follows that used in a long line of cases in this State indicates clearly that the testator had in mind giving the clauses of the will in question the effect which it has been uniformly given in the past.

In the light of the above, it is held that the legacies of 15% of the remainder and 7½% of the remainder to Hannah Eliza-

beth Crowforth and Ethel Harrison Kelley, respectively, lapsed and distribution, subject to the life estates provided for in the will, should be to the distributees entitled thereto under section 83 of the Decedent Estate Law, except that the widow, Rosannah Crowforth, is barred from participation therein.

A decree may be submitted accordingly.