ROBERT R. TUFTS et al., Respondents, v. LAWRENCE S. BYRNE, JR., Appellant. —Appeal by defendant from a judgment enjoining him from interfering with gas pipes, electric light and telephone wires running across defendant's premises and serving plaintiffs' premises, and further granting judgment to plaintiffs for $478.68 damages for wrongful breaking of a water pipe which crossed defendant's property. Judgment modified on the law and the facts by striking from the first ordering paragraph the words " gas pipes." As so modified, the

*judgment* is unanimously affirmed, without costs. On December 1, 1945, when Campbell, the owner of an entire tract, sold part to Almon (through whom plaintiffs claim), he impliedly granted to Almon all those apparent and visible easements which were necessary for the reasonable use of the property granted and which were at that time used by the owner of the entirety for the benefit of the part granted. (*Paine* v. *Chandler,* 134 N. Y. 385, 387.) The water pipes, electric and telephone wires were apparent and visible in that they might be seen or known on a careful inspection by a person ordinarily conversant with the subject. (*Lampman* v. *Milks,* 21 N. Y. 505, 515.) However, the implied easement as to the gas mains was not effective as against defendant, a purchaser for a valuable consideration, who took without notice, actual or constructive, regarding the easement. (*Goldstein* v. *Hunter,* 257 N. Y. 401, 405.) Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ.