## FOURTH DEPARTMENT, JANUARY, 1953.

### (January 7, 1953.)

In the Matter of the Accounting of MANUFACTURERS AND TRADERS TRUST COMPANY, Successor to LOCKPORT EXCHANGE TRUST COMPANY, as Executor of ANDERSON CROWFORTH, Deceased, Appellant-Respondent. MASONIC TEMPLE ASSOCIATION OF THE CITY OF LOCKPORT, Respondent-Appellant; ANNIE GUMMERSON et al., Respondents.— Decree insofar as appealed from affirmed, with costs to all parties filing briefs payable out of the estate. All concur. (Appeals from part of a decree construing a will.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ. [197 Misc. 781.]

CORA SULLIVAN, Respondent, v. GEORGE H. MUNGER et al., Appellants, et al., Defendants.— Judgment affirmed, with costs. Memorandum: The Official Referee has found that the driveway across the lands of the appellants existed at the time of the conveyance by Cornish to plaintiff and prior to the conveyance by Cornish to appellants, and is essential to the enjoyment of plaintiff's premises and we think that the evidence supports the finding. " When the owner of land sells a part thereof he impliedly grants to the grantee all those apparent and visible easements which are necessary for the reasonable use of the property granted and which are at the time of the grant used by the owner of the entirety for the benefit of the part granted." (*Paine* v. *Chandler,* 134 N. Y. 385, 387; see, also, *Lampman* v. *Milks,* 21 N. Y. 505; *Curtiss* v. *Ayrault,* 47 N. Y. 73; *Simmons* v. *Cloonan,* 81 N. Y. 557, and *Tufts* v. *Byrne,* 278 App. Div. 783.) In *Heyman* v. *Biggs* (223 N. Y. 118, 125) the court, quoting from 9 Ruling Case Law 757, wrote: " ' Three things are regarded as essential to create an easement by implication on the severance of the unity of ownership in an estate; *first,* a separation of the title; *second,* that before the separation takes place, the use, which gives rise to the easement, shall have been so long continued and so obvious or manifest as to show that it is meant to be permanent; and, *third,* that the easement shall be necessary to the beneficial enjoyment of the land granted or retained.' " It is clear that a pathway three feet in width from the roadway to plaintiff's premises would not permit the entry of a vehicle and that the driveway in question is necessary to the beneficial enjoyment of the premises, and further, that the driveway was in use and visible at the time of the conveyance to plaintiff and at the time of the conveyance to appellants. We think the facts establish that the plaintiff has an implied easement to the driveway. All concur. (Appeal from a judgment for plaintiff in an injunction action to restrain defendants from interfering with a claimed right to use a driveway across lands now owned by defendants Munger.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.