Colden, J.
Plaintiffs brought this action for judgment declaring that they have an easement over certain water pipes running beneath the surface of defendants’ land from the water company’s main to the plaintiffs’ dwelling, and for a permanent injunction restraining the defendants from interfering with the free flow of water through said pipes.
Plaintiffs own a parcel of land (hereinafter called Parcel I) and defendants own another parcel (hereinafter called Parcel II), both of which are located at Sayville, Suffolk County, New York. At one time both parcels were included in one large tract owned by Elwell Palmer and his wife, Marjory C. Palmer. On June 4, 1951, the Palmers conveyed Parcel I to the plaintiffs. Thereafter and on August 18, 1951, Mrs. Palmer died and on May 7, 1952, Elwell Palmer conveyed Parcel II to Clark and Jane Dennis who, on November 20, 1953, conveyed it to the defendants.
*764 Years ago the building on Parcel II was used as the gate house of Parcel I. Water was furnished to both buildings by means of pipes running from the water company’s main in Handsome Avenue through and under the driveway of Parcel II, and one water meter was used to measure the consumption of water in both buildings. The meter was set under the middle of the driveway which is about 100 feet long and 10 feet wide and is composed of gravel or bluestone. The cover of the meter was level with the surface of the driveway. In May, 1951, shortly before they conveyed Parcel I to the plaintiffs, the Palmers arranged to have a separate meter installed in the cellar of Parcel II. Unquestionably plaintiffs acquired an implied easement as against their grantors, the Palmers, since said grantors had actual knowledge of the existence of the water pipes. (Goldstein v. Hunter, 257 N. Y. 401.) However, since the record title disclosed no easement, plaintiffs have an easement as against the defendants only if the servitude was apparent and visible or, at least, some mark or sign thereof was apparent to indicate its existence to one reasonably familiar with the subject on an inspection of the premises. (Goldstein v. Hunter, supra.)
One of the defendants was admittedly aware of the existence of the water meter in the cellar of Parcel II. Said defendant also stated that he had visited Parcel II four times between the latter part of September and the day when title closed, to wit, November 20,1953. As previously noted, the cover of the water meter was level with the surface of the driveway. It was about twelve inches in diameter and in the center thereof are the words “ Water Meter
Under these circumstances the water pipes were apparent and visible in that they might be known “ on a careful inspection by á person ordinarily conversant with the subject.” (Tufts v. Byrne, 278 App. Div. 783; see, also, Philgus v. Hartman, 275 App. Div. 970.)
This is not a case where plaintiffs could, for a nominal sum, connect with the water main by other means. (Cf. Derrico v. Ciccolella, 251 App. Div. 746.) Plaintiffs ’ property is an enclave completely surrounded by other property privately owned. None of plaintiffs’ land abuts upon any public street, but they do have a right of way from their northerly boundary to Jones Drive. Even if their easement over this right of way would justify the laying of water pipes thereunder, the closest water main is about 1,800 feet from plaintiffs ’ northerly boundary. An official of the water authority testified that it would cost about $5 per foot to bring in water along said route, or a total cost of about $9,000. *765 Under these circumstances, the continued use of the implied easement across defendants’ land is necessary.
Judgment is granted in favor of the plaintiffs, without costs. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Settle judgment.