Frank Del Vecchio, J.
This is an action seeking a declaration of the rights of the parties concerning sewer and water pipes used in common by all the parties, portions of which are located on property owned by plaintiffs.
In 1929 William 0. Anderson was the owner of two adjacent 50-foot lots fronting on Utica Street in the Village of Clinton. These lots were bounded in the rear and sides by private property and had no access to any other street. Anderson subdivided his land into four lots with a common driveway as shown on map Exhibit 7 (copy thereof at foot of this opinion) and built a house on each lot with common sewer and common water pipes servicing each lot running from the mains in Utica Street. *218 Bach lot also had the right of ingress and egress over and upon the driveway.
In 1944 Anderson conveyed Lot No. 1 by warranty deed and through mesne conveyances this property was acquired by the defendants Gorton in June, 1950; in April, 1946 Anderson conveyed Lot No. 3 to Nash who in 1951 conveyed to plaintiffs; in October, 1946 Anderson conveyed Lot No. 4 which by mesne conveyances was acquired by the defendants Tamanini in May, 1953. All the deeds referred to the right of ingress and egress over the driveway but no mention was made of any easements for sewer and water pipes. Lot No. 2 is not involved in this action.
No proof was offered to show the exact location of the pipes but there is evidence that they are located in the vicinity of the west line of Lot No. 3 (plaintiffs’ property) and the east line of the driveway. There is also evidence that portions are located in the center of the driveway; however, it was stipulated that parts of the sewer and water pipes used in common by plaintiffs and defendants are on plaintiffs’ property.
Inasmuch as nothing was said in the original conveyances by the common grantor Anderson with regard to the right to use and maintain sewer and water pipes across Lot No. 3, this right, if it exists at all, must be found to have been created by an implied grant or an implied reservation effected by Anderson.
There can be little question that the defendants Gorton, owners of Lot No. L — which was the first of the four lots deeded out by the common grantor — have a vested right to use and maintain the common water and sewer facilities over plaintiffs’ land, by virtue of an implied grant contained in the deed from Anderson executed in 1944. At that time Anderson was still the owner of Lot No. 3 and the driveway, the servient estates and, under the well-established rule, is held to have impliedly granted to the grantee all those easements which at the time of the sale were incidental to the reasonable use and enjoyment of the estate conveyed. (Stuyvesant v. Early, 58 App. Div. 242; Lampman v. Milks, 21 N. Y. 505; Spencer v. Kilmer, 151 N. Y. 390; Goldstein v. Hunter, 257 N. Y. 401.) As was said in Goldstein v. Hunter (supra) at page 404: “a grantor of a unified plot through which a sewer runs and on which lot houses have been built, by conveying one of the houses impliedly grants to his grantee the right to use the main sewer connections as constructed running through his land to the sewer in the street. The purchaser in such a case would have an easement through his grantor’s land to use the constructed sewer connections. Although not expressed in the deed, the implied easement arises *219 because the grantor knew of the one sewer pipe connecting all the houses and was well aware that the portion of the property he had granted away was drained through the sewer.” The servient estate continues subject to such easements in the hands of one subsequently purchasing from the common grantor with knowledge of the existence of the burden upon the premises. At page 405 the Court of Appeals said in the Goldstein case: “ If the defendants [grantees of the common grantor] had had notice, actual or constructive, regarding the easement, their rights would be subordinate thereto.” An examination of the record on appeal in that case shows that the easement was not a necessity, inasmuch as plaintiff had access to another street for sewage disposal; defendants nevertheless would have been subject to the servitude created by implied grant if they had notice thereof.
In the case at bar, it is apparent that both plaintiffs and their immediate predecessor in title to the servient estate, Nash, acquired the premises with full knowledge of the easements in question. There is no dispute that when Anderson, the common grantor, conveyed Lot No. 3 in April, 1946 the grantee Nash accepted title with actual knowledge of the existence and common and continuous use of the sewer and water pipes and the right to the use of such pipes was never subsequently questioned by him. In November, 1950 Nash and Gorton (owner of Lot No. 1) repaired a leak in the common water pipe by replacing part of the old galvanized pipe with copper pipe and shared the expense of the work.
Shortly after this replacement had been made and while the trench which had been dug for this purpose was still visible, plaintiffs inspected the premises with a view to purchasing the same from Nash and were told by him at that time of the existence and use of the common sewer and water pipes. Before title passed to plaintiffs, Nash also gave them a map or sketch of the place which Anderson had given to Nash, but plaintiffs did not produce this map at the trial.
After they had acquired title, plaintiffs continued to recognize the existence of the easements for sewer and water. In June, 1951 they joined with Gorton in repairing another leak in the common water line by replacing another portion of the old pipe with copper pipe, the cost of which was shared by Gorton and plaintiffs.
Upon the foregoing evidence, the court has no hesitation in concluding that plaintiffs hold their land subject to easements for use and maintenance of the common sewer and water pipes by the defendants Gorton.
*220 The rule with regard to implied grants is not applicable to the defendants Tamanini, owners of Lot No. 4 which was conveyed by Anderson after he had transferred title to the servient estate now owned by plaintiffs. If the defendants Tamanini have any rights over plaintiffs’ land they must be predicated upon an implied reservation of such rights for the benefit of Lot No. 4 at the time when Anderson conveyed the servient estate to plaintiffs’ predecessor in title. It has been said that: “ The law is well settled that in the case of implied grants or reservations of appurtenances or easements a very different rule obtains between grantor and grantee. [An easement] is much more readily implied in favor of the grantee than in favor of the grantor.” (Marcy v. Reimer, 47 App. Div. 636.) The rule with regard to the creation of an easement by implied reservation was set forth by the Court of Appeals in Wells v. Garbutt (132 N. Y. 430, 435-436) as follows: “ Where the owner of two parcels of land conveys one by an absolute and unqualified deed, we think that an easement will be implied in favor of the land retained by the grantor and against the land conveyed to his grantee, only in case the burden is apparent, continuous and strictly necessary for the enjoyment of the former [cases cited].” (See, also, Jones, Easements, § 136.) Thus appears the distinction between an easement created by implied grant and one created by implied reservation — viz., that in order for the latter to arise it must be not only apparent and continuous but also a strict necessity for the enjoyment of the dominant estate. In Paine v. Chandler (134 N. Y. 385) the court said at page 388: “In this state the rule of strict necessity is applied to implied reservations but not to implied grants.” As was said by Justice Edgcomb, writing for the Fourth Department in Smith v. New York Cent. R. R. Co. (235 App. Div. 262, 267): “ The necessity speaks as of the date of the conveyance, and not as of some later point of time.”
It is this requirement which defeats the defendant Tamaninis ’ claim to an easement by implied reservation for the maintenance of sewer and water facilities across plaintiffs’ land. Not only has the proof failed to establish a strict necessity for the reservation of such an easement at the time of Anderson’s conveyance of the servient estate in 1946; it affirmatively appears that no necessity existed at all for burdening Lot No. 3 with the servitude the Tamaninis seek to enforce. At the time of that conveyance Anderson then owned and continued to retain title to the 10-foot driveway previously mentioned which served Lot No. 4 as well as the other lots in the parcel. Nothing prevented the common owner from installing water and sewer service lines *221 on this strip of property, fee to which was in him, which connected Lot No. 4 with Utica Street, the location of the public mains. In this circumstance, there was no necessity for Anderson to have reserved easements across Lot No. 3 for the premises retained, and none may be implied. (Wells v. Garbutt, supra.)
Finally, it is argued that, despite the absence of a legal interest in plaintiffs’ land in favor of Lot No. 3, they are nevertheless estopped from denying Tamanini the use of the water and sewer lines running across the land.
Estoppel is an equitable doctrine which rests upon a word or deed of one party upon which another rightfully relies and so relying changes his position to his injury. (Rifkin v. Stuyvesant Ins. Co., 240 App. Div. 540; Trimble v. New York Life Ins. Co., 234 App. Div. 427; Mattes v. Frankel, 157 N. Y. 603.) It does not originate any legal right but merely forbids denial of a claimed right. (Morrill Realty Corp. v. Rayon Holding Corp., 254 N. Y. 268.) The doctrine is to be strictly guarded and sparingly applied (Carpenter v. Stilwell, 11 N. Y. 61, 73) and only when the grounds for its application are clearly and satisfactorily established. (Thompson v. Simpson, 128 N. Y. 270, 292; Trenton Banking Co. v. Duncan, 86 N. Y. 221; Lido Colony Assn. v. Shelbourne-Grand Hotel Co., 132 N. Y. S. 2d 120, 124, affd. 284 App. Div. 1058.)
In order for estoppel to result, there must be a willful statement or act, inconsistent with the position now sought to be asserted, made or done with the intention that another shall act in reliance thereon. Further, such other person must have acted thereon so that injustice will result if the person by whom he has been induced to act is allowed to contradict or disprove what he has previously affirmed. (Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N Y 2d 443; Werking v. Amity Estates, 2 N Y 2d 43.) It is not necessary that the representation shall have been made for the purpose of defrauding the believer, only that it was made with the intention that it should be acted upon. (Continental Nat. Bank v. National Bank of Commonwealth, 50 N. Y. 576, 583.) In order for estoppel to exist the one against whom it is asserted must have spoken with knowledge of the relevant facts in the situation. (Schwartzberg v. Teachers Retirement Bd., 273 App. Div. 240; Lido Colony Assn. v. Shelbourne-Grand Hotel Co., supra.)
There can be no question on the evidence at bar that plaintiffs are not estopped to deny the existence of an easement in favor of defendants Tamanini for the use and maintenance of a sewer pipe across plaintiffs’ land. There is a complete absence of any proof either that plaintiffs made any representations with *222 regard to such an easement or that defendants Tamanini ever took any action based upon such a representation. So far as appears nothing has ever been done by Tamanini or by his predecessors in title Clark and Fosselman with respect to the sewer pipe.
Insofar as the water line is concerned, a somewhat different situation exists. There is evidence of an instance in 1953 when Tamanini replaced the water line running from his house to the common line. The only question is whether this act and the circumstances which surrounded it are sufficient to work an estoppel against plaintiffs in the present action. In this connection it may be noted that nothing done by plaintiffs or by their predecessors in title, Nash, in making joint repairs to the common water line with Gorton in 1950 and 1951 will be considered in determining whether plaintiffs are estopped to deny Tamaninis ’ claimed easement. These acts occurred two and three years before Tamanini acquired title to his property and there is no evidence that he or his predecessor Clark took any action or expended any money in reliance upon what had previously been done by plaintiffs and by Nash. At the time of the-repairs in 1950 the replacement pipe was purchased by Nash and Gorton alone, and, although there may have been some conversation about Clark joining in the 1951 work, it does not appear that he bore any of the expense of the repairs which were done with the pipe previously purchased by Gorton and Nash. While it may be that these acts might form the basis of an estoppel insofar as an easement for Gorton was concerned (if he did not have an easement by implied grant), they cannot have any effect in creating any rights in the Tamaninis or their predecessors in title, for without proof of reliance and action by one of them there can be no estoppel in favor of the premises owned by them.
Turning then to the repair in 1953: It appears that a leak had occurred in the water line running to the Tamanini residence; when Mr. Tamanini conveyed this fact to the plaintiff Mr. Reynolds and said that he intended to replace the pipe, plaintiff advised him that the shut-off valves were on his (Reynolds’) land; that plaintiff could not stop Tamanini’s water rights and that Tamanini could go right ahead. Thereafter, the defendants replaced the water line running from their house to the common line, the work being completed in one day and the replacement located in the same ditch where the damaged pipe had previously lain, a portion of this ditch being across plaintiffs’ property.
*223 TMs evidence is sufficient, in the view of this court, to preclude plaintiffs from now denying the right of the Tamaninis to maintain their water line over the premises owned by plaintiffs. All of the necessary elements of an estoppel are present in the record at bar. There can be little doubt that, had Tamanini not been assured by plaintiff of his right to the use of the existing water line, he would not have endured the expense incidental to the replacement work done in 1953. The fact that he may have stated to plaintiff, after the assurance given him, that he did not want to go over plaintiffs ’ property but intended to put the line down the driveway does not weaken the effect of the statement already made by plaintiff. At the time plaintiff spoke the parties were discussing replacement by Tamanini and it must be assumed that plaintiff’s statement that he could not stop Tamanini’s water rights was intentionally made with the expectation that Tamanini would rely upon it. Furthermore, despite his expressed desire not to use plaintiffs ’ property, he obviously did so rely to the extent of engaging a workman and relaying the pipe in the same location where it had previously existed and which had been approved by plaintiff. After this expenditure by defendants, relying upon the representation by plaintiff, it would be grossly unjust to permit plaintiffs to deny the existence of a right in Tamanini to continue use of the present facilities for water supply.
The fact that plaintiffs may not have known that Tamanini’s lot did not in fact enjoy a valid easement by implied grant or by implied reservation at the time the assurance was given is not important. A survey having been completed shortly before which located the common driveway, plaintiff was in possession of all the facts with regard to the placement of the common line and of the individual cutoffs to the various properties. The fact that one is ignorant of his legal rights does not prevent the application of the rule of estoppel when the circumstances otherwise justify an equitable bar to legal title. (Tilton v. Nelson, 27 Barb. 595. See, also, Continental Nat. Bank v. National Bank of Commonwealth, 50 N. Y. 576, supra.) “ There are cases in which parties have been estopped where their acts or declarations have been done or made in ignorance of their own rights, not knowing that the law of the land gave them such rights ” (p. 583). To the same effect is Thompson v. Simpson (128 N. Y. 270, supra).
In view of what has been said above, it is the conclusion of this court that the defendants Gorton have an easement by implied grant for the use and maintenance of water and sewer *224 lines across the property of the plaintiffs; that the defendants Tamanini have no easement by implied reservation for the use and maintenance of a sewer line across plaintiffs’ premises and that plaintiffs are not estopped to deny the existence of such a right; that plaintiffs are barred by the doctrine of equitable estoppel from questioning the right of defendants Tamanini to the use and maintenance of the water line now existing on plaintiffs ’ premises.
The case was tried by the court without a jury, at the conclusion of which the parties indicated their desire to submit memoranda of law. No request was made by either side for the submission of findings of fact. Accordingly, judgment may be entered upon the foregoing opinion which constitutes the written and signed decision of the court as required by sections 439 and 440 of the Civil Practice Act.