Joseph A. Suozzi, J.
This is an action brought pursuant to article 15 of the Real Property Law wherein plaintiffs seek to have the court determine their claim to the real property hereafter described, and further seek reformation of a contract and deed and to permanently enjoin the defendants, and all others who may claim under them, from interfering with plaintiffs’ interest in said property. There is a second cause of action for money damages against the defendant Tudor Homes, Inc., and the two individual defendants.
The court finds the facts to be as follows: Plaintiffs entered into a written contract to purchase certain real property in the Village of East Hills from the defendant Tudor, upon which said defendant was to erect a home for plaintiffs substantially similar to a certain model home referred to in the contract. The contract, dated September 9, 1960, described the realty as “ a plot on the south side of Peach Drive 642.11 feet east of Ash Drive and having dimensions as follows: 114.88' x 206.53' x 110.28' x 175.99' and being parts of lots 16 and 17 in Block 289 as the same appears on the maps of Harbor Hill Country Estates, Sections 5 and 6.” The contract contained a provision that the conveyance was subject to any state of facts an accurate survey might disclose. On January 20, 1961, a deed wherein the prop *61 erty was described by metes and bounds was delivered to the plaintiffs.
The contract provided inter alia for the construction of a driveway by Tudor. As it turned out, although the driveway was built in connection with the plaintiffs’ house, a portion of it was actually constructed on the adjacent piece of property which was then owned by the defendant Tudor. This was done by a subcontractor of the defendant Tudor, without its knowledge. At the closing a survey showing the driveway had not been presented, and in fact had not been made.
Some time after the plaintiffs learned of the encroachment, they installed a Belgium block curbing for the driveway and planted certain shrubs on property which they then knew was not included in their deed. Notice of the discovery of this problem was given to the title company by the plaintiffs’ attorney, who sought redress from the title company. This claim was rejected. In August of 1961 the plaintiffs had initiated a lawsuit against defendant Tudor and its officers, which suit was abandoned.
On April 30, 1962 the defendant Tudor contracted to sell to defendant Gilmar the property on which a portion of the plaintiffs’ driveway had been constructed, and on which plaintiffs had installed the curbing and planted the shrubbery. The defendant Gilmar admits that when it purchased this property, it did not intend to purchase a portion of the plaintiffs’ driveway. Insofar as it was concerned, it was buying a vacant and unimproved piece of property. In closing title, a survey which Gilmar had ordered was not completed, and therefore not available at the closing, and it proceeded to close without a survey. It was only after title had been conveyed to defendant Gilmar that the survey was delivered, and it then learned for the first time that a portion of the plaintiffs’ driveway was on property that it had purchased, and that the curbing and planting were also on its property.
Gilmar demanded that the plaintiffs remove these encroachments, and on the basis of this demand this suit was commenced. Plaintiffs moved for a temporary injunction, which was granted, restraining the defendant Gilmar from removing or interfering with the plaintiffs’ use of the driveway, curbing and shrubbery.
The court finds that the plaintiffs installed the Belgium block curbing and planted the shrubbery after discovery that their driveway encroached on the adjacent property of the defendant Tudor, with the expectation that the problem would be resolved. The court finds, too, that the defendant Tudor had knowledge of this problem when it sold the adjoining property to the defend *62 ant Gilmar, and that while the defendant Gilmar had observed the driveway, the curbing and the shrubs, it did not know that they were on a portion of the property that it was acquiring and did not actually learn of this until after title had closed.
In the court’s opinion, the plaintiffs are entitled to judgment declaring that they have a permanent easement entitling them to use the driveway in its present position free of any interference by the defendants or any of them or by anyone claiming under them. This right includes the maintenance of the Belgium block curbing as it now exists, such curbing having been placed substantially to protect the driveway mistakenly constructed by defendants Tudor Homes, Inc., and Spivack, or their agent and contractor, partly on land not conveyed to plaintiffs. The plaintiffs, however, are not entitled to maintain the shrubbery in its present position, or any other improvement installed, as was the shrubbery, after plaintiffs learned that the driveway was not entirely on the land conveyed to them.
Plaintiffs have not established their right to any judgment except the foregoing. The action to determine a claim to real property is essentially an action for a declaratory judgment and permits a judgment of the nature indicated, even though that relief is not specifically sought in the complaint. ‘‘ Final judgment in the action shall declare the validity of any claim to any estate or interest established by any party to the action ” (Real Property Law, § 506).
The Court of Appeals said in Spencer v. Kilmer (151 N. Y. 390, 398-399): “ The principles of law applicable to the facts of the case are quite well settled. When the owner of a tract of land conveys a distinct part of it to another, he impliedly grants all those apparent and visible easements which at the time of the grant were in use by the owner for the benefit of the part so granted, and which are essential to a reasonable use and enjoyment of the estate conveyed. The rule is not limited to continuous easements or to cases where the use is absolutely necessary to the enjoyment of the thing granted. It applies to those artificial arrangements which openly exist at the time of the sale, and materially affect the value of thing granted (Paine v. Chandler, 134 N. Y. 385), or, to state the rule in the language of an earlier case, where the owner of land has, by any artificial arrangement, effected an advantage for one portion, to the burdening of the other, upon a severance of the ownership, the holders of the two portions take them respectively charged with the servitude and entitled to the benefit openly and visibly attached at the time of the conveyance of the portion first granted. (Lampman v. Milks, 21 N. Y. 505.) The purchaser will *63 take the estate with all the incidents and appurtenances which appear to belong to it at the time of the grant, as between it and the portion retained, though not then in actual use, providing the grantor has knowledge of their existence and they are open and visible. (Simmons v. Cloonan, 81 N. Y. 557.) But no right or easement will pass which the grantor was not, at the time of the conveyance, authorized to impose upon adjoining lands. Only such appurtenances will pass as the grantor, at the time, had the right to convey. (Green v. Collins, 86 N. Y. 246.) ” (See, also, Paine v. Chandler, 134 N. Y. 385; Goldstein v. Hunter, 257 N. Y. 401; Philgus v. Hartman, 275 App. Div. 970.)
The court is satisfied that the location of the drive was open and visible and could readily have been determined by defendant Gilmar Development Corp. by an inspection of the premises. Nor is there any reason to believe that the situation arose in the first instance from anything but an innocent mistake of plaintiffs and defendant Tudor Homes, Inc., facilitated by the closing before completion of a survey.
No controversy between defendant Gilmar Development Corp. and defendant Tudor Homes, Inc., is before the court herein, nor does the court pass upon any rights these defendants may have or claim against each other.
The nature of the other action pending between plaintiffs and Tudor Homes, Inc., is not so clearly established as to prove a defense of “ other action pending ”. The counterclaim of defendant Gilmar Development Corp is dismissed.
In the court’s opinion, the right of plaintiffs to the relief herein directed to be accorded them is not barred by any laches or waiver on their part.
Except to the extent indicated, the complaint will be dismissed. No costs will be allowed to any party.